# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

## EMPLOYMENT DISCRIMINATION COMPLAINT FOR
## PRO SE LITIGANTS IN ACTIONS FILED UNDER
### 42 U.S.C. § 2000e, *et seq.*, (Title VII of the Civil Rights Act)
### 29 U.S.C. § 621, *et seq.*, (Age Discrimination in Employment Act); or
### 42 U.S.C. § 12112, *et seq.*,  (Americans with Disabilities Act)

_Debbie Cousidina Smith_ ,

*(Write the full Name of each Plaintiff
who is filing this complaint. If the
names of all the Plaintiffs cannot fit
in the space above, please write
"see attached" in the space and
attach an additional page with the
full list of names.)*

v.

**Case No.:** 3.24 cv 00048 - MCR-HTC
*(To be filled in by the Clerk's Office)*

_Northwest FL Area Agency on Aging_

_Anna Dyess, Director_ ,

*(Write the full name of each Defendant
who is being sued. If the names of all
the Defendants cannot fit in the space
above, please write "see attached" in
the space and attach an additional page
with the full list of names.)*

_see Attachment_ /

**Jury Trial Requested?**
☒ YES   ☐ NO

FILED USDC FLND PN JFJ
FEB 5 '24 AM 10:59

## I. PARTIES TO THIS COMPLAINT

A.  Plaintiff

    1.  Plaintiff's Name: _Debbie Considina Smith_

    Address: _2800 North Ninth Avenue Apt. 14B_

    City, State, and Zip Code: _Pensacola, FL 32503_

    Telephone: _850 712 4326_ *(Home)* _Same_ *(Cell)*

    2.  Plaintiff's Name: _____

    Address: _____

    _____

    City, State, and Zip Code: _____

    Telephone: _____ *(Home)* _____ *(Cell)*

    *(Provide this information for any additional Plaintiffs in this case by*

    *attaching an additional page, as needed.)*

B.  Defendant(s)

    1.  Defendant's Name: _Northwest Florida Area Agency on Aging_

    Name of Employer *(if relevant):* _____

    Address: _5090 Commerce Park Circle_

    City, State, and Zip Code: _Pensacola FL 32505_

Defendant:

Gwenodlyn McCastle, Supervisor

Bryan Harrington - IT Specialist

2. Defendant's Name: _Anna Dyess, Director_

Name of Employer (if relevant): _____

Address: _5890 Commerce Park Circle_

_____

City, State, and Zip Code: _Pensacola, FL 32505_

(Attach a page to provide this information for any additional

Defendants.)

## II. BASIS FOR JURSIDICTION

This case is brought for discrimination in employment pursuant to:

(Check all that apply)

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e -

§ 2000e-17 (race, color, gender, religion, national origin) (Note: To bring

a federal lawsuit under Title VII, you must first obtain a Notice of Right

to Sue letter from the Equal Employment Opportunity Commission.)

☒ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §

621 to § 634. (Note: To bring a federal lawsuit under the Age

Discrimination in Employment Act, you must first file a charge with the

Equal Employment Opportunity Commission.)

☒ Americans with Disabilities Act of 1990 [A.D.A.], as codified, 42 U.S.C.

§ 12112 to § 12117. (Note: To bring a federal lawsuit under the A.D.A.,

*you must first obtain a Notice of Right to Sue letter from the Equal*

*Employment Opportunity Commission.)*

☐ Other Federal Law *(be specific)*: <u>Religion and Retaliation</u>

_____

☐ Relevant State Law *(specify, if known)*:_____

_____

☐ Relevant City or County Law *(specify, if known)*: _____

_____

## III. STATEMENT OF CLAIM

Write a short and plain statement of your claim. Do not make legal arguments or quote from cases. State the facts which show what happened, as well as where and when it happened. State how each Defendant was involved and explain what a Defendant did or did not do. Identify how each named Defendant caused you harm or violated federal law. Write each statement in numbered paragraphs, limited as far as practicable to a single event or incident. If more than one claim is asserted, number each claim, and ensure that a short and plain statement of facts supporting each claim is included in the facts alleged. Attach no more than two (2) additional pages to state your claim.

<u>I was hired in March 2017 through training Program as a Administrative Assistant. at the</u>

**Statement of Claim, Continued** *(Page __2__ of ____)*

① At the time of my termination on March 22, 2023, I held the position of Intake Specialist being promoted twice. On March 7, 2023 a staff meeting was held and employees was told a new system for monitoring had been installed.
On March 13, 2023, I notified Gwen McCastle that I was unable to log into my computer and requested a change to my time sheet.

② Anna Dyess informed me that my employment was terminated because I did not work at least one hour and 50 minutes and accused me of falsifying my time sheet.
It is my belief that I was retaliated against and my employment was terminated because of my race (Black), color (dark complexion), religion (Believer), age (67) and disability. ③ In addition, Byran Harrington had been reported to Gwen McCastle on several occasions of unprofessional behaviors on job which was not addressed about issues logging into computer.

(see attachment 5(a))

Page 5(a)

I was retaliated aganist after confrontation with IT specialist, Bryan Harrison and terminated.

A.  The discriminatory conduct at issue includes (*check all that apply*):

    ☐  Failure to hire

    ☒  Termination of employment

    ☐  Failure to promote

    ☒  Failure to accommodate disability

    ☐  Unequal terms and conditions of employment

    ☒  Retaliation

    ☐  Other acts (*specify*): _____

*(ATTENTION:  Only those grounds raised in the charge filed with the*
*Equal Employment Opportunity Commission may be considered by the*
*federal district court under the federal employment discrimination*
*statutes.)*

B.  The alleged discriminatory acts occurred on: _____

    ☐  Plaintiff sought employment with Defendant on __05/2019__ or

    ☐  Was employed by Defendant from __05/2019__ until __03/2023__

C.  The location where Plaintiff was employed or sought employment was:

    Address: __5090 Commerce Park Circle__

    _____

    City, State, and Zip Code: __Pensacola, FL 32505__

## IV. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

A. Plaintiff filed charges against Defendant with the Equal Employment

Opportunity Commission or the Florida Commission on Human Rights

on: _____~~10-27-23~~ 10/25/2023_____

B. Respondent(s) named on the charging document were: _Anna Dyess,_

_Northwest Florida Area Agency on Aging_

(*If possible, attach a copy of the charges filed.*)

C. The Equal Employment Opportunity Commission: *(check one)*

☐ Has not issued a Notice of Right to Sue letter.

☒ Issued a Notice of Right to Sue letter which I received on _11/07/2023_

*(Note: You must attach a copy of the Notice of Right to Sue letter*

*received from the Equal Employment Opportunity Commission to this*

*complaint.)*

D. As claimed in the Equal Employment Opportunity Commission charging

document, Defendant discriminated against Plaintiff because of Plaintiff's:

☐ Gender/Sex *(please identify)* _____

☒ Race *(please identify)* _Black_____

☒ Color *(please identify)* _Dark Complexion_____

☒ Religion *(please identify)* _Baptist Believer_____

☐ National origin *(please identify)* _____

☒ Disability/Perceived Disability *(please identify)* _Legal Blind_

☒ Age *(please provide your year of birth only if you asserting a claim for*

*age discrimination)* _01/01/1957_

☒ Other *(please identify)* _Retaliation_

E.  Plaintiff:

☒ Filed charges concerning this discrimination with the Florida

Commission on Human Relations on ; or

☐ Did not file.

F.  If asserting a claim for age discrimination, please indicate the amount of

time that has elapsed since filing your charge of age discrimination with

the Equal Employment Opportunity Commission regarding the

Defendant's alleged discriminatory conduct *(check one)*:

☒ 60 days ore more have elapsed.

☐ Less than 60 days have elapsed.

G.  If this is a disability-related claim, did Defendant deny a request for a

reasonable accommodation? ☒ Yes     ☐ No

Explain: _equipment to Help view computer_

_after asking on numerous occassions_

H.  The facts as set forth above in Section III of this complaint:

    ☐  Are still being committed by Defendant against Plaintiff

    ☐  Are no longer being committed by Defendant against Plaintiff

I.  Plaintiff:

    ☐ Still works for Defendant

    ☒ No longer works for Defendant

    ☐ Was not hired

## V.  RELIEF

Briefly state what damages you are requesting and include the amounts of any actual damages claimed and the basis for these amounts.  Include any punitive or exemplary damages requested and state the reasons you believe you are entitled to such damages:

I am requesting damages for punitive/ exemplary for emotional, physical and Financial issues as I was denied ability to seek the American Dream of Home ownership, Family security, and right to be treat Fairly under the Laws.

Plaintiff also requests that the Court grant the following relief to Plaintiff:

☐ Defendant be directed to employ Plaintiff

☒ Defendant be directed to re-employ Plaintiff

☐ Defendant be directed to promote Plaintiff

☐ Defendant be directed to  *removal of termination of job.*

☒ Plaintiff seeks costs and fees involved in litigating this case and such other relief as may be appropriate, including attorney's fees, if applicable.

## VI. CERTIFICATION

As required by Federal Rule of Civil Procedure 11, I certify by signing below that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 02/05/2024 Plaintiff's Signature: _Debby Smith_

Printed Name of Plaintiff: _Debbie C. Smith_

Address: _2800 North Ninth Avenue_

_____

E-Mail Address: _DebstuFF2023@gmail.com_

Telephone Number: _850 712-4326_



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Mobile Local Office
63 South Royal Street, Suite 504
Mobile, AL 36602
(251) 304-7920
Website: www.eeoc.gov

### DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 11/07/2023

To: Ms. Debbie C. Smith
2800 North Ninth Avenue  Apartment 14B
Pensacola, FL 32503

Charge No: 425-2023-01392

EEOC Representative and email:      COURTNEY WALKER
Investigator Support Assistant
courtney.walker@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 425-2023-01392.

On behalf of the Commission

ERIKA LACOUR

Erika LaCour
MLO Director

Digitally signed
by ERIKA LACOUR
Date: 2023.11.07
14:55:41 -06'00'

Rec'd
12/07/2023

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 425-2023-01392 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director  Bradley Anderson, at 1130 22nd Street South Suite 2000,Birmingham, AL 35205.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 425-2023-01392 to the District Director at 1130 22nd Street South Suite 2000 Birmingham, AL 35205.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

## NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now **include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

Enclosure with EEOC Notice of Closure and Rights (01/22)

✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**

✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

✓ A person is not able to bring a failure to accommodate claim if the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Fola